Good morning, justices. Daniel Hager for the appellants, James Cilley, Mark Schmuck, Temmerman, Cilley, and Coleman. I understand this case, it's a rather simple question, maybe not a simple answer, but the question is when you file a slap motion and the district court says, well, I'm going to grant it, but there's leave to amend, then may you appeal that motion, although there's still leave to amend for the plaintiff. Is that the issue? Yes, Your Honor, basically that's the issue. And doesn't Verizon answer that question? No, Your Honor, it doesn't. This is dealt with a lot in the briefs. Verizon actually didn't address that situation. Well, it didn't address the question of the appeal, but it addressed the answer to the question of whether or not there can be a leave to amend. So it's kind of a useless exercise at this point, no? Well, I think there's also the Ninth Circuit opinion in the Gardner v. Martino case, which I think is actually much closer. That was the Oregon. Well, in Gardner v. Martino, they weren't they said that the district court said the same thing, that you can amend. And then it didn't allow them to amend for failure to state a claim. The district court did not allow them to amend, and the Ninth Circuit affirmed that. But it was not because there had been a slap motion. The district court said they could amend, but then when the amendments were presented, the amendments were found to be inadequate to state a claim. I don't believe that's correct, Your Honor. I believe that they looked at the purpose of the statute, and it's the same purpose of the statute, the Oregon statute, and that's for a summary disposition. And I think what had happened in that case, which is different than this case, was that there was nothing they could do to amend the allegations of the complaint to survive a slap motion. So they denied them leaving to amend. In this instance, they have leave to amend. Has there been an amendment yet? Yes, there has. Are you complaining about the actual amendment? No. You're complaining about the fact that they were allowed to amend. Is that what you're complaining about? On this appeal. Right. It's just that issue. Okay. We did initially file or renew a slap motion out of concern that it would be argued that we waived the right to appeal on the issue of leave to amend. We filed the appeal. We then filed a follow-up slap motion in the district court. The district court eventually ruled, well, this issue is before the Ninth Circuit right now. If the Ninth Circuit rules that we shouldn't have given leave to amend, the case is over. So let's defer. They stayed the underlying case. Do you have an appealable order here? I believe we do under the collateral order doctrine. And that's the – I think the most helpful case on that is the Batsell case in the which held that denial of an anti-slap motion doesn't end the case. It's not a final judgment. It says the case can go on. But they said that the collateral order doctrine applies there because of the loss of what the slap statute provides. And what that – and I think that's really the key here, is that it's a statute and a number of states have it. Lots of states have it now. Well, but that was a case where the motion was denied, but there was no amendment. They said it was a final appealable order because you might have a right to have a dismissal on the slap. And afterwards came Verizon, which said that when there's a leave to amend, then you don't have a final order, unless they fail to amend. Well, it's not – the denial of a slap motion is not a final order. It's final as to the slap motion, but the case goes on. It means the case is going on. And I think it's sort of a functional order. But here, it's not a final ruling on the slap motion. Well, it is on that slap motion. That slap motion is – it's the functional equivalent of a denial because, again, there's a leave to amend. So what do we have to do, then, if they amend? We have to bring a new slap motion. But that's – It isn't the functional equivalent of a denial, is it? There's provided an opportunity to amend, and maybe the amendment would succeed. Well, but the district court can't be regarded as having decided that this conclusively resolves the issue. Well, it has ruled on the issue of whether it has leave to grant – it can grant leave to amend, certainly. And that motion is done. We have to – it's not just an abeyance, and we have to go to the trouble. And the whole purpose of the slap motion – If we thought – I mean, the problem here, it seems to me, is that Verizon addresses the merits of the question of whether or not you can amend after a slap motion, but it was not in the posture of this – it was not a collateral order appeal. Is that right? I'm not sure what the posture that was. It must have been, because the question there in Verizon was, was it okay? What happened was there was a 12b-6. It was the opposite. It was because there they said you couldn't amend it. So there it was over. Here they said you could amend it. Here they said you could amend. But the practical problem was this slap motion, it was never even argued in the slap motion. Well, just to go off what's bothering me, what's bothering me, as I said at the beginning, is if I thought Verizon, unlike what you're saying, was totally preclusive on the merits of this question, I'd kind of be spinning wheels to be worrying about the collateral order. But I guess I'd have to. Is that right? Well, again, I respectfully disagree, because I do think the BATSL, I think a denial of a slap motion, it's essentially the same as saying, oh, I grant it, but you lose. Well, that may be it. So if you persuaded me of that, then I'd go and I'd say, but Verizon says it's perfectly okay anyway. But Verizon didn't even deal with that situation. That was a situation where court said, I'm not even going to – the issue before the court, and they said it in Verizon, is there had been a 12b-6 motion also that went to the allegations of the claim. The slap motion is different. It's not a 12b-6 motion. That's part of it. You have to allege the claim. Here, there's no question. It was never disputed. They've alleged, the complaint alleges that there was malice. So that wasn't the issue. But what the slap statute does is it makes a summary procedure early in the case, based on evidence, to support those allegations. You have to have both the allegations and the evidence. What Judge Conte ruled clearly is that they've offered no evidence. They've offered no evidence to create even an inference of malice. Well, the problem is, you know, I sympathize with your argument, because as they say, you've got the clash between two things, the California procedure and the Federal rules. And I, you know, in the absence of some cases, I think the Court might come out the other way. But what the opposing argument, and I think what they were saying, is you can make a slap motion after, when a court says, see if you can amend the complaint, then the party may drop it. Then you don't have to appeal. Or the party may, the plaintiff may try again and put it in a different way. And then he'll make a final ruling on the slap motion. And then, you know, it's a matter of, you know, you can make a slap motion after the complaint, perhaps, or leave to amend will be granted again. And before you know it, you're three years into a case where the specific purpose of the slap statute is to cut them off. But Verizon says on eerie grounds that that whole problem is governed by the Federal rules and not by the slap issue. And it decided that question. So we could sit around here wondering, and we probably will have to, whether you get to come tell us this, but I still don't see what you're saying substantively about Verizon. Well, I'm saying it dealt with an entirely different factual scenario, because the issue was there was the court deferred. But courts don't only deal with factual scenarios. In whatever factual scenario it had, it said this is a question governed by the Federal rules, not governed by California slap law. But then you also get the Batzel v. Smith decision saying denial of a slap motion, which does not a final adjudication in the case. It's not a final order. That that does, that that does. It's a final adjudication of the slap motion. And it's like a complaint. I mean, it's not a final adjudication of a complaint. If you allow the plaintiff to amend the complaint, then it's not final. And they say the same thing when you have a slap motion. It's not determining how you're going to have a complaint or whatever court you're going to have to strip it. It's a, it's the same thing. If it's done without prejudice, then you have another, the plaintiff has another chance, and then you file your slap motion, renew it, and then it becomes final. I certainly can understand what you're saying. And as Judge Berzahn said, we said it's a conflict, and we're governed by the Federal rule, and it does certainly weaken the force of the slap motion. But that's where it goes. I would point out that the main argument about this is that the strong Federal policy for giving leave to amend. I acknowledge that completely. It's the identical policy in California. There is no difference. They both have a strong, as virtually every jurisdiction does. It seems to me that on the merits, leaving aside the question of whether you belong here, you're asking us to overrule Verizon. I don't think you need to override, overrule DICTA. But you can't do it, of course. We have to go on bank to do it. Well, I don't think that you're bound to follow DICTA. And I would just, just because, because it was not a situation where leave to amend after deniable slap motion was given. A 12b-6 motion had been granted with leave to amend. Simultaneously, the moving party had also filed a slap motion. The Court said, you know what, I'm not even going to reach your slap motion because there's an amendment coming based on the other, the 12b-6 motion that I sustained with leave to amend. That was the issue, was did the Court have power to defer ruling on the slap motion. So it wasn't, it just wasn't a, I think the situation is much closer to where you in the Batzel case, where you had a denial of the motion, and the Court said, you know what, that's an immediately appealable collateral order, even though it doesn't, it's not a final order in the case at all. And I just, all I would ask is just that the, the justices just, I think those two cases need to be looked at together, because I think clearly, I'm not asking for Verizon to be overruled, because it's, it's, it's, what they've said about amendment was dicta, after, because it didn't, the case didn't involve giving leave to amend after a slap motion. And I don't think there is, there isn't a Ninth Circuit case specifically on giving leave to amend after denying a slap motion. But if you look at the California cases, I think the California Supreme Court would have said, you know what, we don't have a right to, particularly here, when the allegations were perfectly sufficient, the problem is a lack of evidence. And instead, they now get a second chance that is nowhere provided in the slap statute to try to get more evidence. They don't need to change the allegations. Kagan. Kagan. Isn't it also true that this is maybe a very good example about why we shouldn't be, why collateral order, why this isn't very subject, shouldn't be subject to collateral doctrine? For all we know, the district court is going to say that this complaint's no good either, and that's going to be the end of it. Well, I think they will still say that. I've done the motion, and I do believe that. But as I pointed out, I thought we're spinning wheels for a second reason. We're not only spinning wheels and deciding whether you have a collateral order appeal, but we're spinning wheels and deciding whether or not the amendment matters, because it would be a lot faster to go down there and get that ruling. And I think that's a good example of why we shouldn't be, why this isn't very subject, shouldn't be subject to collateral order appeal. Meanwhile, the whole case has been held up for a couple of years, which is exactly what the collateral order doctrine doesn't, why it's so narrow. But, Your Honor, if we did not appeal that, and I do, you know, I respectfully kind of disagree with what I'm hearing from the panel, but I do believe that that was error to grant leave to amend. If I did not do it then, I'm going to hear an argument later down the road, you waive that argument. Well, tell me why, by the way. If you objected at that point and said you shouldn't have appealed it, you shouldn't have you – there's no – if you filed a motion with the district court saying don't allow this amendment because under the SLAP, California SLAP law, you can't do that, and he allowed it and you didn't appeal now, you didn't hold the case up for two years, why couldn't you appeal it? Answer fairly quickly, because you're almost getting to the end of your time. I just – I believe that there's timely – if it's an order that would arguably fit in the collateral order doctrine, I think you have to appeal it then. And if it was some order, other order that would just fit under the regular final judgment, that you could do it at the end. But that was my understanding, that if it felt – if it was appealable immediately but it wasn't, there's a case law that says you can waive those issues. Thank you, counsel. Thank you. Good morning. If it pleases the Court, I'm Carlton Briggs, representing Pele Green Springs Baptist Christian Fellowship Trust. I think counsel – learned counsel is mistaken in saying this is a choice between Verizon and BATSL. I think that whether or not BATSL is still a good law, whether or not this is a collateral order, I think Verizon determines the case. So I think this is all a waste of everyone's time. There was an opportunity for the defense to file a second anti-SLAP motion to renew its anti-SLAP motion with regard to the second medical complaint, and it has done so. Upon hearing that this Court, without prejudice, denied the motion to dismiss for lack of jurisdiction by Green Springs, Judge Conte felt he should deny that second anti-SLAP motion without prejudice and then stay the case pending this Court's decision. But I think Verizon is clearly controlling. Counsel indicated that this matter of deficiency was evidence, not allegations. That's not quite accurate. If you look at Judge Conte's order at AER 11, he asked that Green Springs indicate what Grace Parish was and what relation it was to Green Springs. At AER 19, Judge Conte says that – points out that Green Springs did not identify which specific facts are false in the underlying case. And whether or not it denies paying the 500 – promising to pay the $500,000 to charity. At AER 30, Judge Conte indicates that Green Springs wasn't specifically asserting that the agreement was fabricated. And at AER 31, Judge Conte indicates that Green Springs wasn't indicating evidence that the lawsuit was brought to secure unwarranted settlement. Much of that is due to my error because I had assumed in drafting the First Amendment complaint that the findings of fact in the underlying case would be res judicata. Judge Conte pointed out that's incorrect, that he wanted actual allegations. That has all been cured in the Second Amendment complaint, which is attached as Exhibit A to a police request for judicial notice. If you want more details, I can point to this policy in the Second Amendment. Sotomayor, no, we don't need more details. Oh, sorry. Bottom line is that Verizon is controlling. And whether or not this Court has jurisdiction, if it does, it would have to hold  Thank you, counsel. Thank you, Your Honor. Your Honor, the only point I would make is if you do want to look carefully at the order, Judge Conte's order, most of what was cited was did not pertain to the malice element in terms of allegations that weren't present. I think any fair reading of the order on the malice element shows it was purely a lack of evidence. It was not that they had not alleged what they needed to allege, but they didn't offer evidence. And now, contrary to what would be the rule in California or on the Oregon statute as well in the Gardner case, they now get a second chance to essentially what they need to look for is evidence. It has nothing to do with the allegations. So I would just, again, urge another look at the Gardner case and just in the facts of the Verizon case. Thank you, counsel. Case, Justice O'Rourke, may I briefly respond to the point about California law, Your Honor? No. The argument's over. Thank you. Thank you, Your Honor. I appreciate it. Case, did this argument be submitted? The Court will stand in recess or adjourn. I'm picked up a little. Don't forget this. I didn't get one.
judges: Pollak, Reinhardt, Berzon